November 20, 2012

The Honorable Jo Anne Bernal
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0977

Re: Whether a county bail bond board may permit a licensed bail bond holder to change part of the collateral he or she posted as security (RQ-1067-GA)

Dear Ms. Bernal:

You request an opinion regarding the authority of a county bail bond board ("Board") to "accept a combination of cash and real property security from a licensed bondsman."[1] Specifically, you ask whether a Board can "authorize a licensed bail bondsman to withdraw a portion of his deposited or executed security and replace it with a different type of collateral if doing so results in a combination of security types to meet the minimum security requirement under [section] 1704.160 [of the Occupations Code.]" Request Letter at 1.

When a person in a county with a Board applies for a bail bond surety license and the application is conditionally approved, the applicant must "deposit with the county treasurer a cashier's check, certificate of deposit, or cash in the amount stated on the application under Section 1704.154(b)(2)(E); *or* . . . execute in trust to the board each deed to the property listed on the application under Section 1704.154(b)(3)." *See* TEX. OCC. CODE ANN. § 1704.160(a)(1)(A)–(B) (West 2012) (emphasis added). Neither the monetary deposit nor the total value of property executed in trust may individually "be less than $50,000." *Id.* § 1704.160(b), (d). This office concluded in Attorney General Opinion JM-875 that the statutory predecessor[2] to section 1704.160 did not authorize the Bexar County Bail Bond Board to accept a certificate of deposit for $20,000 and a real property deed valued at $30,000 from an applicant to satisfy the $50,000 minimum security amount. *See* Tex. Att'y Gen. Op. No. JM-875 (1988) at 2–4. However, you tell us it is "unclear the extent to which . . . JM-875 applies to a licensed bondsman, as opposed to an applicant." Request Letter at 2. As explained below, we conclude that JM-875 remains correct, and its analysis is equally applicable to a licensed bondsman.

---

[1]Letter from Honorable Jo Anne Bernal, El Paso Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 4, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* Act of June 1, 1987, 70th Leg., R.S., ch. 921, § 2, 1987 Tex. Gen. Laws 3109, 3110.

In examining a statute, our goal is to give effect to the Legislature's intent as expressed in the statute's plain language. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). Section 1704.160 uses the disjunctive word "or" in expressing the two avenues available for posting security. *See* TEX. OCC. CODE ANN. § 1704.160(a)(1)(A)–(B) (West 2012). An applicant may make a monetary deposit *or* he may execute real property deeds in trust to the Board. *See id.* The amount an applicant must post, in the case of a monetary deposit, is "the amount stated on the application," and in the case of real property deeds, is "each deed to the property listed on the application." *Id.* Regardless of the avenue an applicant chooses, the value of the posted security "may not be less than $50,000." *Id.* § 1704.160(b), (d). If the license holder fails to maintain the security amount posted, the Board must immediately suspend the license. *Id.* § 1704.253(a). Because the plain language of the statute places an obligation on a licensed bondsman to maintain "the amount of security required by [section 1704.160]," a licensed bondsman must keep intact the amount and type of collateral indicated on his or her application throughout the period of licensure. *Id.* § 1704.160(i). Any substitutes for the initial collateral type are precluded by the statute. Thus, in answer to your first question, a licensed bondsman may not withdraw a portion of the security deposited or executed under section 1704.160 and replace it with a different type of collateral.

Your second question is whether a Board may "authorize a bondsman to post additional security in a form different from that originally deposited or executed after the initial minimum security deposit required under [section] 1704.160 has been satisfied." Request Letter at 1. You point to two statutory provisions that, in your view, "do not restrict the type of security that a licensee may deposit or execute to add to or replace security to the same type of collateral as that originally deposited under [section] 1704.160." *Id.* at 2–3 (discussing sections 1704.203 and 1704.206); *see also* TEX. OCC. CODE ANN. §§ 1704.203 (West 2012) ("Bail Bond Limit; Additional Security"), 1704.206 ("Replacement of Security"). We discuss each provision in turn.

The first provision, section 1704.206, concerns the replacement of depleted security. *See* TEX. OCC. CODE ANN. § 1704.206 (West 2012). If a license holder fails to pay a final judgment on a forfeiture of a bail bond, the judgment is paid from the security deposited or executed under section 1704.160. *See id.* In such a case, a license holder "shall deposit *or* execute additional security in an amount sufficient *to comply with [section 1704.160]*." *Id.* (emphasis added). By requiring that the replacement security must comply with section 1704.160, the statute requires that the replacement security be of one type of collateral or the other in the amount indicated on the application, which amount may not be less than $50,000. *See id.* § 1704.160(a)–(b), (d). Thus, to the extent that the posting of replacement security under section 1704.206 merely replaces that portion of the initial security that has been depleted, the replacement security must be in the same form as the existing collateral.

The second provision you raise, section 1704.203, establishes bail bond limits for individual license holders for bonds they execute in a particular county. *See id.* § 1704.203. The extent of a license holder's authority to execute bonds depends upon the dollar value of outstanding bond obligations as compared with a multiple of the value of the property held as security or in trust for

the license holder under section 1704.160. *See id.* This bond-to-security ratio sets the limit on the dollar amount of bonds that can be executed. Section 1704.203 provides that "[a] license holder, at any time, may increase the limits prescribed by this section by depositing or executing additional security." *Id.* § 1704.203(d). You argue that additional amounts deposited or executed for the purpose of increasing the bond-to-security ratio may be "in any form." Request Letter at 3. A deposit or execution of additional security under section 1704.203 does not contemplate the disturbance of the original security under section 1704.160, which remains intact in a single form of collateral. Because section 1704.203 does not otherwise limit the type of collateral that may be posted to increase the bonding limits, we see no reason why additional security could not be posted in a collateral form that is different from the one originally posted to meet the requirement of section 1704.160. We find support for this proposition in subsection 1704.203(f), which sets forth the various bond-to-security ratios on a sliding scale based on seniority. *See* TEX. OCC. CODE ANN. § 1704.203(f) (West 2012). Under that subsection, a surety licensed after September 1, 1999, who has been licensed between two and four years "may not execute . . . bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) *plus* six times the value of property held in trust under Section 1704.160(a)(1)(B)." *Id.* § 1704.203(f)(2) (emphasis added). If the Legislature had contemplated that the total amount of security posted would be limited to a single collateral type, it would not have referred to the simultaneous holding of two different types of collateral in expressing the bond-to-security ratio. *See In re Allen,* 366 S.W.3d 696, 706 (Tex. 2012) (quoting *State v. K.E.W.,* 315 S.W.3d 16, 21 (Tex. 2010)) ("every word or phrase in a statute is presumed to have been intentionally used with a meaning and a purpose").

Thus, in answer to your questions, to the extent that replacement security posted under section 1704.206 replaces a portion of the initial security that has been depleted, the replacement security must be in the same form as the existing collateral. By contrast, additional security posted under section 1704.203 beyond the amount initially posted may be in a form different from that originally deposited or executed.

## S U M M A R Y

A licensed bondsman may not withdraw a portion of the security deposited or executed under section 1704.160 of the Occupations Code and replace it with a different type of collateral.

To the extent that replacement security posted under section 1704.206 of the Occupations Code replaces a portion of the initial security that has been depleted, the replacement security must be in the same form as the existing collateral.  Additional security posted under section 1704.203 of the Occupations Code beyond the amount initially posted may be in a form different from that originally deposited or executed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee